**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FULTON BANK, N.A.,<br>Plaintiff,<br>v.<br>THE R20 GROUP, LLC, *et al.*,<br>Defendants. | Civil Action No. 25-14659 (MAS) (JTQ)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Fulton Bank, N.A.'s ("Plaintiff") Motion for Partial Summary Judgment. (ECF No. 78.) Defendants the R20 Group, LLC ("R-Twenty"), Yisroel Tabi ("Y. Tabi"), and Sarah Tabi ("S. Tabi") (collectively, "Defendants") opposed (ECF No. 81), and Plaintiff replied (ECF No. 84). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b)[1] and Local Civil Rule 78.1(b). For the reasons below, the motion is denied.

## I. BACKGROUND

The following facts are drawn from: (1) Plaintiff's Statement of Undisputed Material Facts in support of its Motion for Partial Summary Judgment ("PSOF") (PSOF 1-5, ECF No. 78-8); (2) Defendants' Responses to Plaintiff's Statement of Undisputed Material Facts ("DRSOF") (DRSOF 2-9, ECF No. 81-1); (3) Defendants' Responsive Statement of Material Facts ("DSOF") (DSOF 9-14, ECF No. 81-1); (4) Plaintiff's Response to Defendants' Responsive Statement of

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Material Facts ("PRSOF") (PRSOF 2-10, ECF No. 84-1); and (5) the declarations submitted in support of the parties' respective positions. The facts are undisputed by the parties unless otherwise noted.

**A. The Parties**

Defendant R-Twenty "is an ecommerce business that purchases consumer goods and resells them online, primarily through the Amazon.com marketplace." (DSOF ¶ 1; PRSOF ¶ 1.) The R2O Group, LLC ("R-Two-Oh") "is a separate business also engaged in selling consumer products through a storefront on the Amazon.com marketplace." (DSOF ¶ 2; PRSOF ¶ 2.) "In or around August 2024, [Defendant] R-Two-Oh was a borrower in two separate purported secured lending transactions with [Defendants] Drip Capital, Inc. [("Drip")] and Slope Tech., Inc. [("Slope")] to finance its inventory of products." (DSOF ¶ 3; PRSOF ¶ 3.) To receive financing for its product inventory, R-Twenty "entered into a lending transaction with Plaintiff." (DSOF ¶ 4; PRSOF ¶ 4.) "Prior to entering into any transaction with R-Twenty, Plaintiff was aware that R-Twenty and R-Two-Oh were separate entities engaged in similar businesses." (DSOF ¶ 5; PRSOF ¶ 5.)

**B. The Loan and Its Terms**

On or about August 23, 2024, in connection with the loan made by Plaintiff to R-Twenty (the "Loan"), R-Twenty, as the borrower, executed and delivered to Plaintiff a secured promissory note in the original principal sum of $3,000,000.00 (the "Note"). (PSOF ¶¶ 5-6; DRSOF ¶¶ 5-6.) On the same day, R-Twenty executed the Note. (PSOF ¶ 6; DRSOF ¶ 6.) Additionally, on August 23, 2024, S. Tabi and Y. Tabi each executed a "Commercial Guaranty" of the Loan (the "Guaranties"). (PSOF ¶¶ 14, 16; DRSOF ¶¶ 14, 16.)

The Note's terms required R-Twenty to "pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning September 15, 2024." (PSOF ¶ 8;

DRSOF ¶ 8; Ex. A to Warner Cert., ECF No. 78-3.) The Note further provided that Plaintiff was entitled to a late charge of five percent of the unpaid portion of the regularly scheduled payment that was not paid within fifteen days of its due date. (PSOF ¶ 10; DRSOF ¶ 10.) Upon any act of default, Plaintiff was entitled to "call the Note and accelerate the payments due." (DRSOF ¶ 11.) Additionally, upon default, Plaintiff was entitled to recover costs and attorneys' fees in relation to collecting the Loan. (PSOF ¶ 12; DRSOF ¶ 12.) The Note further provided that "[R-Twenty] w[ould] pay [the] [L]oan in full immediately upon [Plaintiff's] demand." (DSOF ¶ 8; Ex. A to Warner Cert.) Defendants contend that the Note "only allowed Plaintiff to demand full repayment of the outstanding amount if, and only if, R-Twenty failed to make its regular monthly payments," and that such a reading "is consistent with the parties' intent." (DSOF ¶ 14.)

### C. Plaintiff's Demand for Payment

"In or around December 2024, Slope and Drip separately alleged defaults under their respective lending agreements with R-Two-Oh." (PRSOF ¶ 11.) Subsequently, "Slope and Drip sent notices to Amazon, purportedly pursuant to UCC § 9-607, to demand that any receivables belonging to R-Twenty and R-Two-Oh be directed to Slope and/or Drip and withheld from R-Twenty." (DSOF ¶ 12; PRSOF ¶ 12.) On February 7, 2025, Plaintiff sent correspondence to Amazon "advising that Plaintiff was R-Twenty's most senior creditor and that Amazon should not direct any of R-Twenty's receivables to either Slope or Drip." (DSOF ¶ 13; PRSOF ¶ 13.) At that time, R-Twenty had not defaulted on its payment obligations under the Note, nor had Plaintiff alleged any default. (DSOF ¶ 14; PRSOF ¶ 14.) Both R-Twenty and R-Two-Oh "disputed these lien notices and the disbursement of any of their respective receivables to Plaintiff, Slope[,] or Drip." (DSOF ¶ 15; PRSOF ¶ 15.)

On or around April 17, 2025, Plaintiff sent Defendants correspondence ("Demand Letter") purporting to demand repayment of the Loan within ninety days of the Demand Letter "pursuant to the Loan documents." (Ex. D to Warner Cert., ECF No. 78-6; PSOF ¶¶ 16-18; DRSOF ¶¶ 16-18.) When Plaintiff sent the Demand Letter, "R-Twenty was current on all of its contractually required regular monthly payment[s] required under the Note." (DSOF ¶ 17; PRSOF ¶ 17.) The Demand Letter explained that Plaintiff's decision "to call the Loan and demand payment in full" came "after consideration of the circumstances regarding the [Florida and New Jersey] entities [R-Two-Oh and R-Twenty], the different names utilized—namely the letter 'O' for the Florida entity and the integer '0' for the New Jersey entity—and the resulting competing claims to assets and receivables[.]" (Ex. D to Warner Cert.)

Defendants contend—and Plaintiff disputes—that "[i]n or around December 2025, R-Twenty and R-Two-Oh . . . advised [Plaintiff] that, in satisfaction of all outstanding loans, they would each consent to the release of their respective receivables that were being held by Amazon, which collectively totaled approximately $1,638,000, to Plaintiff, Slope[,] and Drip." (DSOF ¶ 26.) The parties further dispute Defendants' claim that R-Twenty and R-Two-Oh tendered payments of $1,000,000 to Plaintiff; $200,000 to Slope; and $438,300 to Drip "in full satisfaction of all relevant lending agreements." (DSOF ¶ 27; PRSOF ¶ 27.) Plaintiff claims instead that the "funds on hand with Amazon were [Plaintiff's own] collateral," of which Plaintiff had the right to demand payment pursuant to New Jersey's Uniform Commercial Code. (PRSOF ¶ 28 (citing N.J.S.A. 12A:9-607).) Both parties agree, however, that "Amazon has represented that . . . it disbursed $1,000,000 to Plaintiff." (DSOF ¶ 25; PRSOF ¶ 25.)

### D. Procedural Background

On August 15, 2025, Plaintiff commenced this action, asserting four causes of action: (1) Breach of Contract against Defendants ("Count One"); (2) Declaratory Judgment against Drip and Slope ("Count Two"); (3) Replevin against all named Defendants ("Count Three"); and (4) Fraudulent Transfer against Defendant R-Two-Oh ("Count Four").[2] (*See generally* Compl., ECF No. 1.) On March 25, 2026, the parties submitted a Proposed Joint Discovery Plan to the Court, which remains pending before the Court. (*See* ECF No. 70-1.) The plan proposed that fact discovery would be completed by October 30, 2026, expert discovery would be completed by February 26, 2027, and all discovery would proceed pursuant to a confidentiality order that the parties anticipated filing. (*Id.*) On June 24, 2026, with fact discovery yet to be completed and no proposed confidentiality order submitted to the Court, Plaintiff filed the instant Motion for Partial Summary Judgment on Count One of the Complaint against R-Twenty, Y. Tabi, and S. Tabi. (Pl.'s Mot. for Summ. J., ECF No. 78.) Defendants opposed (Defs.' Opp'n Br., ECF No. 81) and Plaintiff replied (Pl.'s Reply Br., ECF No. 84).

## II. <u>LEGAL STANDARD</u>

Rule 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a summary judgment motion, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County. of Allegheny*, 139 F.3d 386, 393 (3d Cir.

---

[2] The Court dismissed Count Four of the Complaint pursuant to its October 23, 2026, grant of Defendants' Motion for Partial Judgment on the Pleadings. (ECF No. 85.)

1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which the nonmoving party must rely to support its assertion that genuine disputes of material fact exist). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . 'there can be no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

If there has been inadequate discovery of facts necessary to decide a summary judgment motion, a nonmoving party can defend the motion on that basis. Fed. R. Civ. P. 56(d). Rule 56(d) states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to . . . take discovery; or (3) issue any other appropriate order." Challenges under Rule 56(d) are usually granted "as a matter of course." *Doe v. Abington Friends Sch.*,

480 F.3d 252, 257 (3d Cir. 2007) (citing *St. Surin v. V.I. Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994) (referring to the previous codification of Rule 56(d) as Rule 56(f))). "This is particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party." *Id.* (citations omitted). Stated differently, "[i]f discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion [for summary judgment]." *Id.* (citing *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845-46 (3d Cir. 1992)).

The Third Circuit has "interpreted this provision to require 'a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (alteration in original) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 139-40 (3d Cir. 1988)). Failure to submit the required affidavit is fatal to a Rule 56(d) motion. *Id.*

Rule 56(d) only precludes partial summary judgment where discovery is needed on an issue material to the motion. It is well settled that a party may move for partial summary adjudication of a part of a claim or defense. *See* Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendment ("The first sentence is added to make clear at the beginning that summary judgment may be requested not only as to an entire case, but also as to a claim, defense, or part of a claim or defense."). If the discovery requested by the nonmovant is not "essential to justify its opposition," Fed. R. Civ. P. 56(d), a court may rule on the motion for summary judgment. *See Cyberworld Enter. Techs., Inc. v. Napolitano*, 602 F.3d 189, 200 (3d Cir. 2010). If a moving party, therefore,

has presented an issue for which no additional discovery is needed, that issue is ripe for summary judgment, regardless of the nonmovant's invocation of Rule 56(d).

## III. DISCUSSION

Plaintiff asserts that it is entitled to summary judgment on Count One because Defendants unequivocally breached the terms of the Note and the related Guaranties by failing to pay outstanding amounts due after, in the Demand Letter, Plaintiff demanded full payment of the loan. (*See generally* Pl.'s Moving Br., ECF No. 78-1.) Specifically, Plaintiff argues that the Note was a "demand note," upon which Plaintiff was entitled to demand full payment at any time, even if Defendants had not first defaulted. (*See* Cert. of Joseph E. Warner ¶¶ 7-8, ECF No. 78-2.) Plaintiff further argues that, regardless of whether the Note was a "demand note," by calling the Loan and accepting the $1,000,000 payment from Amazon, Plaintiff merely exercised its rights as a senior secured creditor to collect its own collateral funds from an account debtor pursuant to Article 9 of the UCC. (*Id.*; Pl.'s Reply Br. 8, ECF No. 84 (citing N.J.S.A. 12A:9-607).) In support, Plaintiff cites the Note's reservation-of-rights clause, which states that Defendants "agree[] not to send [Plaintiff] payments marked 'paid in full' . . . or similar language," but if Defendants send such a payment, Plaintiff "may accept it without losing any of [its] rights under [the] Note, and [Defendants] will remain obligated to pay any further amount owed to [Plaintiff]." (*Id.* at 9.) According to Plaintiff, this language clearly and unambiguously allowed Plaintiff to accept payments—such as the payment it received from Amazon—without relinquishing its right to demand the remaining $2,000,000 balance of the Note. (*Id.*)

Defendants counter that Plaintiff's acceptance of the funds constituted an accord and satisfaction that overrode any obligation to pay the full sum of the Note upon Plaintiff's demand. (*See* Defs.' Opp'n Br. 23.) Defendants specifically contend that when R-Two-Oh and R-Twenty

consented to Amazon's release of their respective receivables to Plaintiff, Slope, and Drip, the parties intended and understood this to be a settlement of the outstanding debts owed by the companies. (*Id.*)

In the alternative, Defendants argue that, pursuant to Rule 56(d), they "need discovery concerning" issues that are "central" to resolving the Motion and proving their accord and satisfaction defense, including discovery regarding Plaintiff's intent in accepting the $1,000,000 payment from Amazon; the "communications surrounding the Demand Letter; the treatment of collateral and collateral proceeds; and the basis for Plaintiff's contradictory damages figures." (Defs.' Opp'n Br. 21 (citation modified).) In support, Defendants provide the declaration of their counsel, Mark Berkowitz, which states that despite Defendants having served targeted sets of written discovery requests to Plaintiff, Drip, and Slope—and Plaintiff responding that it would produce responsive documents—"Plaintiff ha[s] not produced any documents." (*Id.* at 11 (citing Berkowitz Decl. ¶¶ 10, 17, 19, ECF No. 81-6).) Berkowitz's declaration also states that the parties had yet to take depositions that would provide insight into Plaintiff's intent. (Berkowitz Decl. ¶¶ 20, 37.)

"An accord and satisfaction is an agreement which, upon its execution, completely terminates a party's existing rights and constitutes a defense to any action to enforce pre-existing claims." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 166, 183 (D.N.J. 1998). To properly invoke the defense, a debtor must show: "[(1)] a bona fide dispute as to the amount owed; [(2)] a clear manifestation of intent by the debtor to the creditor that payment is in satisfaction of the disputed amount; and [(3)] acceptance of satisfaction by the creditor." *Cranmer v. Harleysville Ins. Co.*, 719 F. App'x 95, 98 (3d Cir. 2017) (applying New Jersey law). The parties' mutual, bilateral intent regarding acceptance of a lesser sum than the owed debt is fundamental to the applicability

of the defense. *See Zeller v. Markson Rosenthal & Co.*, 691 A.2d 414, 416 (N.J. Super. Ct. App. Div. 1997). This principle is codified in N.J.S.A. 12A:3-311, which requires that the party against whom a claim is asserted prove that it acted in good faith to tender an instrument as full satisfaction of a claim that was either "unliquidated or subject to a bona fide dispute." N.J.S.A. 12A:3-311.

Here, Defendants' reliance on the accord and satisfaction defense tasks the Court with determining whether Plaintiff accepted the $1,000,000 payment from Amazon as a unilateral exercise of its rights as a secured creditor or as part of an agreement with Defendants, Drip, and Slope to satisfy Defendants' outstanding debts. This presents a pure question of fact. *See Bayside Chrysler Plymouth Jeep Eagle, Inc. v. Ma*, No. A-3575-04T3, 2006 WL 1449783, at *7 (N.J. Super. Ct. App. Div. May 26, 2006) ("[W]hether a tender is accompanied by such acts and declarations as are necessary on its acceptance to constitute an accord and satisfaction must, of course, be determined from the facts of each particular case."). For the Court to properly address this question, it must also consider underlying facts, such as: (1) whether the parties engaged in a bona fide dispute regarding their respective liabilities and creditor priority at the time of the $1,000,000 tender; and (2) if so, what the parties' intent was in negotiating and executing that distribution. The requisite manifestation of intent "may be expressed in the check itself, or in the letter or account, or receipt accompanying the remittance, or even orally in conversation." *Id.* at *7 (citations omitted). As Defendants observe, the Court has no means to adequately determine how a reasonable juror might answer these questions without the benefit of completed—or at least more fulsome—discovery.

Indeed, despite Plaintiff's assertion that "[t]here is no evidence in Defendants' opposition that even remotely suggests that [Plaintiff] intended that its acceptance of the $1,000,000 of Amazon receivables would result in a satisfaction of the loan and forgiveness of the

remaining . . . debt" (Pl.'s Reply Br. 7-8), an e-mail message attached to Defendants' opposition underscores the need for additional discovery in this case (*see* Ex. 2 to Y. Tabi Decl, ECF No. 81-4.). In the e-mail message, Plaintiff's counsel relayed to a group of recipients, including Defendants' counsel, that Amazon planned to distribute $1,000,000 to Plaintiff, $200,000 to Slope, and $438,300 to Drip "pursuant to joint instructions of the creditors." (*Id.*) While the e-mail message may carry no substantive meaning, it may also reflect the existence of a negotiated, multilateral agreement that Plaintiff intended to accept funds as a full satisfaction of Defendants' debt. The latter would undermine Plaintiff's assertion that its acceptance of funds was a mere unilateral collection of its collateral as a secured creditor. (*See* Pl.'s Moving Br. 8.) But this Court has no way to tell which may be the case on an incomplete record. The Court, therefore, finds that Defendants, as the nonmovants, have sufficiently identified "facts [that are] essential to justify [their] opposition" but not presently available to them. Fed. R. Civ. P. 56(d).

The Court is not persuaded by Plaintiff's counterargument that additional discovery is unnecessary for the Court's resolution of its Motion because the accord and satisfaction defense "fails as a matter of law." (Pl.'s Reply Br. 6-9, 10.) Plaintiff insists that the Note is a liquidated demand instrument, and therefore, partial discharge of the debt required Defendants to show new consideration. (*See* Pl.'s Reply Br. 6-7 (citing *Decker v. George W. Smith & Co.*, 96 A. 915 (N.J. Sup. Ct. 1916).) Plaintiff is correct that an accord and satisfaction of a liquidated demand instrument requires a showing of new consideration. Plaintiff's argument, however, incorrectly assumes that a liquidated demand instrument cannot be subject to a "bona fide dispute" simply because such an instrument is payable immediately upon request. *See* N.J.S.A. 12A:3-108; 12A:3-311 cmt. 4 (noting that accord and satisfaction by use of instrument is inapplicable "when the debt is a liquidated amount *and* not subject to a bona fide dispute" (emphasis added)). Where,

as here, the purported accord and satisfaction defense involves a multi-party arrangement to release receivables held by a third-party rather than a routine check deposit, the Court's evaluation of the defense depends on the same fact-intensive inquiries that—as explained above—the Court is unable to decide on such a sparse record.[3] *See Bayside*, 2006 WL 1449783, at *7.

Plaintiff also points to the Note's boilerplate reservation of rights language—which purports to allow Plaintiff to accept payments marked "paid in full" without waiving its right to collect on the full $3,000,000 sum of the Note (see Pl.'s Reply Br. 9-10)—and contends that "the reservation tracks the protection[s]" afforded to creditors under N.J.S.A. 12A:3-311 "against accord and satisfaction by instrument" (*id.* at 9). This argument seemingly misconstrues the statutory framework, as N.J.S.A. 12A:1-308 expressly recognizes that "explicit reservation of rights" provisions are inapplicable to an accord and satisfaction, regardless of whether the transaction is governed by N.J.S.A. 12A:3-311. *See* N.J.S.A. 12A:1-308(a)-(b).[4] Further, N.J.S.A. 12A:3-311 requires factual evaluation of the transaction at-issue, focusing on the parties' mutual intent and whether Plaintiff as the creditor had actual knowledge that Amazon's tender of

---

[3] Defendants contend that they made clear to Plaintiff that they "would only withdraw [their] objection with Amazon regarding the withheld receivables on the condition that [the tender of their Amazon receivables] would satisfy all obligations allegedly owed to Plaintiff, Slope[,] and Drip." (Defs.' Opp'n Br. 23.) Whether this condition was clearly expressed such that a reasonable juror would find it constituted new consideration is an additional material question of fact that the Court must not blindly address at this stage. *See Decker*, 96 A. at 916 (noting that for applicability of an accord and satisfaction defense, "[t]here must be some advantage, or presumed or assumed advantage, accruing to the party who yields [its] claim, or some detriment to the other party"); *see also Cranmer v. Phila. Indem. Ins. Co.*, No. 14-3206, 2015 WL 5545030, at *5 (D.N.J. Sep. 18, 2015) (finding there was "consideration between the parties because [p]laintiffs received a sum of money and [defendant] received a release of claims").

[4] The statute specifically states that: "Section 3-311 governs if an accord and satisfaction is attempted by tender of a negotiable instrument," and "if Section 3-311 does not apply, the issue of whether an accord and satisfaction has been effected is determined by the law of contract. Whether or not Section 3-311 applies, this section has no application to an accord and satisfaction." *Id.* cmt. 3.

receivables was in full satisfaction of Defendants' debt. N.J.S.A. 12A:3-311(d). Plaintiff, therefore, cannot completely circumvent the defense's potential applicability by simply pointing to the Note's explicit reservation of rights provision.

The Court need not wade prematurely into the ultimate merits of Defendants' asserted accord and satisfaction defense to find that the critical elements of the defense cannot be determined on the face of the Note alone. Instead, the Court must turn to the evidentiary record, which, in accordance with Rule 56(d), Defendants have shown is deficient for the Court's resolution of the summary judgment merits. Defendants, as the nonmovants, are entitled to a full opportunity to conduct discovery on essential facts necessary for their accord and satisfaction defense, and it is not lost on the Court that some of these facts may only be available in Plaintiff's internal corporate communications and transactional documents. *See Doe*, 480 F.3d at 257 ("[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" (quoting *Dowling*, 855 F.2d at 139)). Upon consideration of the parties' briefing and the limited record evidence—including the declaration from counsel for Defendants concerning potential evidence needed to oppose Plaintiff's Motion that counsel has yet to receive—the Court finds that Plaintiff's Motion for Partial Summary Judgment is premature.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is denied. The Court will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 23rd, 2026